**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

JESSICA NYGAARD, on behalf of herself and all others similarly situated,

      Plaintiff,

v.

HOMEADVISOR, INC., a Delaware corporation,

      Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Jessica Nygaard ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, Lewis Kuhn Swan PC, complains as follows:

### NATURE OF THE ACTION

1.    This action is brought on behalf of all marketing consultants, sales representatives, and individuals holding comparable positions with different titles (collectively, "Marketing Consultants") employed by HomeAdvisor, Inc. ("Defendant") within the United States within the last three years.

2.    Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the applicable Colorado Minimum Wage Order ("Colorado Wage Order"), 7 CCR § 1103-1, by: (i) failing to pay Marketing Consultants overtime compensation at their proper regular rates of pay, specifically by excluding from the calculation all earned commissions/bonuses; and (ii) failing to pay Marketing Consultants any compensation for work

performed during meal periods that Defendant mandated and continues to mandate. Marketing Consultants frequently work through these meal periods.

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

2.      This Court has original jurisdiction over Plaintiff's state law claim pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to her FLSA claim that it forms part of the same case or controversy.

4.      Defendant is subject to personal jurisdiction in Colorado because it conducts substantial business in this state and the acts and omissions alleged herein occurred in this State.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6.      Plaintiff was, at all relevant times, an adult individual residing in Colorado Springs, Colorado.

7.      Plaintiff was employed by Defendant in its Colorado Springs, Colorado office as a Marketing Consultant from April 2016 to the present.

8.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Golden, Colorado.

2

## COLLECTIVE ACTION ALLEGATIONS

9.      Plaintiff seeks to prosecute her FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant as Marketing Consultants in the United States at any time in the last three (3) years to the entry of judgment in this case and (i) who were not paid overtime at the proper regular rate of pay ("Regular Rate of Pay Collective Class"); and/or (ii) who are or were not paid any compensation for work performed during meal periods during any workday ("Meal Period Collective Class") (collectively, the "Collective Action Classes").

10.     Plaintiff will fairly and adequately protect the interests of the members of the Collective Action Classes and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest contrary to or in conflict with the members of this collective action.

11.     The members of the Collective Action Classes are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure.

13.     Plaintiff brings her Colorado state law claim on behalf of all persons who were employed by Defendant in the State of Colorado at any time in the last three (3) years to the entry of judgment in this case who hold or held the position of Marketing Consultant and (i) who are or were not paid overtime at the proper regular rate of pay ("Colorado Regular Rate of Pay

Class"); and/or (ii) who are or were not paid any compensation for work performed during meal periods in each workday while they were required to "clock out" ("Colorado Meal Period Class") (collectively, the "Colorado Classes").

14.     The members of the Colorado Classes are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least 250 members of the Colorado Classes.

15.     Plaintiff's claims are typical of the claims of the members of the Colorado Classes. Plaintiff performed the same job as the members of the Colorado Classes; Defendant paid Plaintiff and the members of the Colorado Classes pursuant to the same policies and procedures; and Plaintiff and the members of the Colorado Classes were victims of the same wrongful conduct engaged in by Defendant in violation of the Colorado Wage Order.

16.     The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against a large, well-represented corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct.

17.     Defendant has acted or refused to act on grounds generally applicable to the Colorado Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Classes as a whole.

18.     Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

19.     Plaintiff will fairly and adequately protect the interests of the members of the Colorado Classes.

20.     There are questions of law and fact common to the Colorado Classes which predominate over any questions solely affecting the individual members of the Colorado Classes, including but not limited to:

    a.  whether the Defendant employed the members of the Colorado Classes within the meaning of the Colorado Wage Order;

    b.  whether Defendant's policies and practices described within this Complaint are illegal;

    c.  whether Defendant included all commissions/bonuses in calculating Marketing Consultants' regular rates of pay;

    d.  whether Defendant required or permitted Marketing Consultants to work off-the-clock during meal periods;

    e.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    f.  whether Defendant failed and/or refused to pay the members of the Colorado Classes overtime premium pay for hours worked in excess of forty (40) hours per

workweek and/or twelve (12) hours in a single workday within the meaning of the Colorado Wage Order; and

g. whether Defendant is liable for all damages claimed hereunder.

## STATEMENT OF FACTS

21.     Defendant operates a website matching homeowners' requests for home improvements or repairs to local service professionals across the United States. Defendant has over $300 million in annual revenue, five million unique monthly visitors, and over a million projects with real cost data.[1]

22.     Plaintiff has been employed by Defendant as a Marketing Consultant from April 2016 to the present.

23.     Plaintiff's job duties as a Marketing Consultant include selling Defendant's products to service professionals, and acquiring new business for Defendant, and maintaining existing contracts for Defendant.

24.     Defendant compensated, and continues to compensate, its Marketing Consultants by paying them a base hourly wage and commissions/bonuses based on the number of sales per pay period.

25.     Upon information and belief, Marketing Consultants earn a significant portion of their income in the form of commissions/bonuses.

26.     Defendant classifies its Marketing Consultants as nonexempt employees entitled to receive overtime compensation. Indeed, Marketing Consultants do not perform job duties that would qualify for any of the exemptions of the FLSA or the Colorado Wage Order.

---

[1]  *See*  http://www.forbes.com/sites/patrickmoorhead/2015/07/15/lacs-homeadvisor-is-one-to-watch-in-the-growing-humans-as-a-service-haas-business-2/#1c3ece712462.

27.     Plaintiff routinely works more than forty (40) hours per workweek, especially when factoring in the time she works off the clock. Defendant, however, fails to pay overtime compensation at one and one-half times her regular rate of pay in violation of the FLSA and the Colorado Wage Order.

28.     In particular, Defendant fails to include in its calculation of Plaintiff's regular rate of pay all of her earned non-discretionary commissions/bonuses, thus denying her overtime compensation to which she is entitled.

29.     By way of example, during the pay period from October 17 to October 30, 2016, Plaintiff was paid $28.87 for 1.43 hours of overtime[2] which corresponds to 150% of her base rate of pay of $13.46/hour, or an overtime rate of $20.19/hour. However, Plaintiff also earned $1,100.00 in commissions during this same pay period,[3] but these earnings were not factored into her regular rate of pay. When, as the FLSA and Colorado Wage Order require, Plaintiff's commissions are factored into her regular rate of pay, Plaintiff's overtime rate should have been approximately $40.82/hour.

30.     Upon information and belief, Defendant has a uniform policy and procedure of excluding earned commissions/bonuses in calculating the regular rates of pay for all other Marketing Consultants.

31.     Plaintiff worked a number of hours for which she was not paid any compensation. Defendant routinely required its Marketing Consultants to clock out for lunch or other meal periods, but permitted (in fact encouraged) these employees to continue working through these

---

[2] This, of course, does not include the time Plaintiff, with Defendant's knowledge, worked off the clock.

[3] Plaintiff earned more in commissions than she did in base wages.

meal periods.

32.     Defendant's timekeeping system does not accurately reflect the number of hours worked as a result of Defendant's policy of permitting Marketing Consultants to work off the clock.

33.     Other Marketing Consultants similarly work during their meal periods, even though they have clocked out.

34.     Throughout all relevant time periods, Defendant failed to maintain accurate and sufficient time records. Among other things, Defendant did not track the actual length of meal periods taken by Plaintiff and other Marketing Consultants.

35.     Defendant's violation of the FLSA and the Colorado Wage Order is willful. Defendant is well aware of its legal obligation to pay overtime compensation because Defendant employs numerous individuals in its offices to whom Defendant pays overtime premiums.

36.     Moreover, Defendant's violations are willful because Defendant did pay overtime compensation to Plaintiff and other similarly situated individuals, but knowingly excluded the value of the commissions and bonuses earned from the regular hourly rate upon which the overtime premiums were calculated.

37.     Additionally, Defendant knew Marketing Consultants worked during their putative meal periods.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION**

38.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

39.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the

8

meaning of the FLSA.

40.     At all relevant times, Defendant employed and/or continues to employ each of the members of the Collective Action Classes within the meaning of the FLSA.

41.     At all relevant times, Defendant has had gross annual revenues in excess of $500,000.

42.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

43.     At all relevant times, Defendant had a uniform policy and practice of failing to pay Marketing Consultants overtime compensation at their respective proper regular rates of pay, specifically by omitting from the calculation all earned commissions/bonuses.

44.     At all relevant times, Defendant had a policy and practice of encouraging its Marketing Consultants to clock out for meal periods yet permitting (even encouraging) them to continue working, thus denying them compensation for this worktime, including overtime.

45.     As a result of Defendant's willful failure to properly compensate its employees, including Plaintiff and the Collective Action members, Defendant has violated and, continues to violate, the FLSA.

46.      Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

47.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

48.     Due to Defendant's FLSA violations, Plaintiff and the Collective Action

Members are entitled to recover from Defendant unpaid overtime compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**<u>COLORADO WAGE ORDER – CLASS ACTION</u>**

49.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

50.     At all relevant times, Plaintiff and the members of the Colorado Classes were employed by Defendant within the meaning of the Colorado Wage Order.

51.     Defendant violated the Colorado Wage Order by failing to pay Marketing Consultants overtime compensation at their respective proper regular rates of pay, specifically by omitting from the calculation all earned commissions/bonuses.

52.     Defendant also violated the Colorado Wage Order by permitting employees to work off the clock during meal periods, thus denying them compensation, including overtime.

53.     Plaintiff and the members of the Colorado Classes are entitled to recover from Defendant overtime compensation, any statutory penalties, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the Colorado Wage Order.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, Plaintiff on behalf of herself and all other members of the Collective Action Classes and the Colorado Classes respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2)

10

and/or (3) on behalf of members of the Colorado Classes and appointing Plaintiff and her counsel to represent the classes;

b.  Designation of this action as a collective action on behalf of the members of the Collective Action Classes and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA collective classes, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d.  An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the Colorado Wage Order;

e.  An award of overtime compensation due under the FLSA and the Colorado Wage Order;

f.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.  An award of pre-judgment and post-judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed representative actions have a right to jury trial.

Respectfully submitted this 15th day of February, 2017.

*/s/ Andrew E. Swan*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
620 North Tejon Street, Suite 101
Colorado Springs, Colorado 80903
Telephone:      (719) 694-3000
Facsimile:      (866) 515-8628
Email:          plewis@lewiskuhnswan.com
                mkuhn@lewiskuhnswan.com
                aswan@lewiskuhnswan.com

*Attorneys for Plaintiff*